UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WENDY CARRINGTON, et al.,

                                              NO. CIV. S-06-718 LKK/GGH

      Plaintiffs,

  v.                                           O R D E R

MERCK & COMPANY, INC.; and
McKESSON CORPORATION,

      Defendants.
                                /

    On February 28, 2006, plaintiff Wendy Carrington("plaintiff") filed an action in the Superior Court for the County of Los Angeles against defendant Merck & Co., Inc. ("Merck") and McKesson Corporation ("McKesson") alleging injuries from her use of the prescription drug Vioxx. On March 23, 2006, Merck removed the action to this court based on diversity jurisdiction. Plaintiff now moves to remand, asserting that removal was improper and that this court lacks jurisdiction. Merck moves to stay the action pending its transfer to the Judicial Panel on Multidistrict

1

Litigation ("MDL") proceeding that has been established to deal with the large volume of Vioxx-related cases in federal court.

## I.

### BACKGROUND

This case is one of hundreds of cases regarding Vioxx. On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated 148 federal cases involving Vioxx and transferred them to the Eastern District of Louisiana. In Re Vioxx Products Liability Litigation, 360 F.Supp.2d 1352 (J.P.M.L 2005). The Panel also held that around 300 related actions in multiple federal districts "will be treated as potential tag-along cases." Id. at 1352 n. 1.

Merck asserts, and plaintiff does not dispute, that it will shortly provide notice to the Panel of this action. Merck expects a conditional transfer order to be issued by the Panel within the next few weeks. See Def.'s Mot. to Stay at 5.

## II.

### ANALYSIS

The power to stay proceedings in the interest of judicial economy is an inherent power left to the discretion of the court. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In cases involving similar jurisdictional questions, deference to the MDL proceeding is often appropriate when "the motion raises issues likely to arise in other actions pending in [the consolidated action]." Conroy v. Fresh Del Monte Produce Inc., 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004).

Here, Merck asserts that removal is proper because defendant McKesson, whose presence defeats diversity jurisdiction, was fraudulently joined. See Def.'s Notice of Removal at 7. The question of whether McKesson was fraudulently joined is not unique to the pending case. See, e.g., Lame Bull v. Merck & Co., et al, No. 05-2465, slip op. (E.D. Cal. January 24, 2006 (Karlton, J.) (staying case to allow remand to be decided by MDL judge); Purcell v. Merck & Co., et al, No. 05-0443, slip op. (S.D. Cal. June 6, 2005)(same); Johnson v. Merck & Co., No. C 05-02881, slip op. at *2 (N.D. Cal. Oct. 3, 2005)(same); Love v. Merck & Co., No. 05-2140 (E.D. Cal. filed Oct. 24, 2005) (McKesson named as a defendant but case transferred before motion to remand was filed); Laqden v. Merck & Co., No. 05-0656 (E.D. Cal. filed Apr. 4, 2005)(same).

Given the number of cases that present this exact jurisdictional question and given the growing number of Vioxx cases being transferred to the MDL proceeding in the Eastern District of Louisiana, this court follows the many other district courts in California in finding that the interest of judicial economy favors staying this action pending its transfer to the MDL proceeding.[1]

---

[1] The court is aware that it is departing from its August 15, 2005 order on the same issue. See Martin v. Merck & Co., No. S-05-750, slip op. (E.D. Cal. Aug. 15, 2005) (Karlton, J.). Subsequent developments regarding the MDL Vioxx proceedings justify the court's change in position. Namely, since the August order was issued, over 30 cases from California that involve the identical jurisdictional issues are now before the MDL judge in the Eastern District of Louisiana. Moreover, it is apparent that the majority of the Vioxx cases that are removed are not, in fact, remanded. Defendant Merck asserts, and plaintiffs do not dispute, that the majority of courts have stayed approximately 300 Vioxx cases with pending remand motions. See Def.'s Opp'n to Pls.' Mot. to Remand

For these reasons, the court hereby ORDERS that:

1. Defendant Merck's motion to stay is GRANTED;

2. Plaintiff's motion to remand is DENIED;

3. Good cause appearing, the order to show cause issued on May 4, 2006 is DISCHARGED;

4. Oral argument on the motion, currently set for May 30, 2006 at 10 a.m., is VACATED;

5. The initial scheduling conference set for June 19, 2006 at 10:30 a.m., is VACATED; and

6. Upon entry of this order, further proceedings in this action shall be STAYED, pending transfer of the action to MDL Proceeding No. 1657 in the Eastern District of Louisiana.

IT IS SO ORDERED.

DATED: May 16, 2006

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

at 5:11-12.

4